IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | CRIMINAL NO. 1:03-CR-00234 |
| | : | |
| v. | : | (Judge Conner) |
| | : | |
| **JOSE MEDINA GARCIA** | : | |

### MEMORANDUM

Presently before the court is defendant's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.[1]  Defendant asserts that he received ineffective assistance of counsel in violation of his Sixth Amendment rights under the United States Constitution.  (Doc. 46 at 1.)  Specifically, defendant claims that he asked counsel to appeal his sentence based on recent developments in Supreme Court jurisprudence regarding sentencing guidelines,[2] but counsel disregarded this request.  (Doc. 46 at 4.)  Because the record conclusively contradicts defendant's claim, the court will deny defendant's motion.

---

[1] See 28 U.S.C. § 2255 ("A prisoner in custody under sentence of a [district] court . . . claiming . . . that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.").

[2] Based on defendant's briefs (Docs. 30, 46) filed in support of his § 2255 motions to vacate (Docs. 29, 45), it appears that defendant is relying on Blakely v. Washington, 542 U.S. 296 (2004) and United States v. Booker, 543 U.S. 220 (2005) for the proposition that the sentencing guidelines were unconstitutionally applied to him.  The court is not required to reach the merits of this claim because if the court were to find that counsel failed to file a requested appeal, defendant would be entitled to a direct appeal without a showing of merit.  See Peguero v. United States, 526 U.S. 23, 28 (1999) ("[W]hen counsel fails to file a requested appeal, a defendant is entitled to resentencing and to an appeal without showing that his appeal would likely have had merit.") (citing Rodriguez v. United States, 395 U.S. 327, 329-30 (1969)).

A.     **Procedural History**

On September 4, 2003, defendant was charged with illegal reentry into the United States by an alien who had been deported following an aggravated felony conviction.[3] (Doc. 1.) On January 5, 2004, defendant entered a plea of guilty pursuant to a written plea agreement. (See Docs. 13, 18, 19.) Defendant was sentenced on March 26, 2004, and judgment was entered. (Doc. 25.) Defendant did not file a direct appeal.

Defendant filed a habeas corpus motion (Doc. 29) pursuant to 28 U.S.C. § 2255 in the United States District Court for the Eastern District of Pennsylvania on April 13, 2005, and the matter was transferred to this court on venue grounds.[4] By order of court dated December 2, 2005 (Doc. 38), defendant was granted leave to

---

[3] See 8 U.S.C. § 1326(b) ("[A]ny alien [who has been deported and who reenters the United States while an order of deportation is outstanding] . . . whose removal was subsequent to a conviction of an aggravated felony . . . shall be fined . . . , imprisoned not more than 20 years, or both[.]")

[4] There is some dispute regarding the timeliness of defendant's motion. See 28 U.S.C. § 2255 ("A 1-year period of limitation shall apply to a motion under this section."); see also United States v. Bendolph, 409 F.3d 155, 164 (3d Cir. 2005) (providing that the court may raise § 2255 limitation period *sua sponte*). Because defendant's conviction and sentence became final on April 9, 2004 upon expiration of his direct appeal period, defendant was ordered to show cause why the court should not deny his motion for failure to file within the one-year time limit of 28 U.S.C. § 2255. (Doc. 32.) The court is satisfied that defendant's initial § 2255 motion (Doc. 25), dated April 8, 2005 by defendant, was timely filed when it was delivered to prison authorities on that date or the day after. (See Doc. 48); see also Houston v. Lack, 487 U.S. 266, 270 (1988) (holding that a *pro se* prisoner's habeas corpus notice of appeal was filed at the moment of delivery to prison authorities for forwarding to district court).

either withdraw his initial § 2255 motion or to have the motion construed and ruled upon by this court. He elected to withdraw the motion with the intent of filing an all-inclusive motion under § 2255. (See Doc. 39.) Defendant filed the instant § 2255 motion (Doc. 45) on March 22, 2006, to which the United States filed a brief in opposition (Doc. 51).

**B.   Discussion**

In the instant case, defendant filed a § 2255 motion, asking the court to "vacate, set aside, or correct [his] sentence" based on his allegation of ineffective assistance of counsel. (Doc. 46.) A defendant claiming ineffective assistance of counsel in violation of the Sixth Amendment must show that: (1) counsel's representation was objectively unreasonable,[5] and (2) counsel's deficient performance was prejudicial.[6] See Roe v. Flores-Ortega, 528 U.S. 470, 476-77 (2000) (citing Strickland v. Washington, 466 U.S. 688 (1984)). The Third Circuit has noted that "[p]rejudice is presumed from counsel's failure to file a notice of appeal when so requested by a client." Solis v. United States, 252 F.3d 289, 293-94 (3d Cir. 2001).

---

[5] To provide representation that is objectively reasonable, "counsel has a constitutionally-imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal . . . or, (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Solis v. United States, 252 F.3d 289, 293 (3d Cir. 2001) (citation omitted).

[6] To demonstrate prejudice in an ineffective assistance of counsel claim, a defendant must show that "counsel's constitutionally deficient performance deprive[d] . . . defendant of an appeal that he otherwise would have taken." Roe v. Flores-Ortega, 528 U.S. 470, 484 (2000).

When a defendant is convicted of a crime and alleges that counsel failed to appeal the conviction, the defendant is generally entitled to a hearing to prove that he made the request and that counsel failed to act upon the request. Id. at 295. A defendant is not, however, entitled to a hearing if the "allegations [are] contradicted conclusively by the record, or if the allegations [are] patently frivolous." Id. After a thorough review of the record, the court concludes that defendant's claim is directly contradicted by the record. The government's brief in opposition (Doc. 51) includes a memorandum regarding a meeting between defendant, defendant's counsel, and an interpreter held seven days after judgment was entered. (See Doc. 51, Ex. A at 1.) The memorandum clearly refutes defendant's claim that he asked counsel to appeal, but counsel failed to act on the request. At the meeting, counsel, through the interpreter, reviewed defendant's right of allocution and right to appeal and discussed both the absence of good faith grounds for appeal and the possible negative outcomes of pursuing a meritless appeal.[7] (Id.) Defendant was aware of his rights to appeal, including the right to file a motion in arrest of judgment or a motion for correction of sentence and the right to appeal a final sentence imposed in violation of federal law. (Doc. 51, Ex. A at 2.) Defendant was also aware that "by entering a negotiated . . . plea of guilty, [he waived] an appeal of conviction or denial

---

[7] Plaintiff received and signed a notice of right of allocution and right to appeal on January 5, 2004. (Doc. 51, Ex. A at 2-3.) The contents of this notice were reviewed by plaintiff and counsel at the April 2, 2004 meeting. (Doc. 51, Ex. A at 1.)

4

of pre-trial motions." (Id.)  After defendant had been informed of his rights, he signed a memorandum, which provides:

> By signing below, Jose Medina Garcia confirms the following:
> [1] All questions were answered to Mr. Garcia's satisfaction.
> [2] He does understand the sentence imposed by the court.
> [3] He does understand his appeal rights.
> [4] He *does not* wish to pursue an appeal to the Third Circuit Court of Appeals.

(Doc. 51, Ex. A at 1(emphasis added)).[8]  Accordingly, the court finds that defendant's allegation is contradicted conclusively by the record and will deny defendant's motion (Doc. 45) pursuant to 28 U.S.C. § 2255.

## C. Conclusion

For the forgoing reasons, defendant's motion (Doc. 45) will be denied.  An appropriate order will issue.

        /s/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:     March 23, 2007

---

[8] Defendant signed the memorandum in the presence of an interpreter.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:03-CR-00234** |
| | : | |
| **v.** | : | **(Judge Conner)** |
| | : | |
| **JOSE MEDINA GARCIA** | : | |

## **ORDER**

AND NOW, this 23rd day of March, 2007, upon consideration of defendant's motion (Doc. 45) to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that defendant's motion (Doc. 45) is DENIED.

     /s/ Christopher C. Conner  
CHRISTOPHER C. CONNER  
United States District Judge